GORE *v.* STATE.

(Division B. Nov. 11, 1929. Suggestion of Error Overruled November 25, 1929.)

[124 So. 361. No. 28176.]

A. T. L. Watkins, of New Augusta, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant was indicted, convicted, and sentenced to the penitentiary on a charge of assault with intent to murder. The case in brief is that a deputy sheriff and another, whom the deputy had called upon to assist him, were proceeding to the arrest of appellant upon information directly received by the said officer that said appellant had a few hours before committed a crime of robbery on one of the public highways of the county. Appellant, instead of submitting to arrest, attempted to escape, and in so doing shot at one of the deputies with a pistol with which appellant was then armed.

We find no substantial error in the record, and do not deem it of interest to address ourselves to any of the assignments except those which complain of what is asserted by appellant to have been the raising of the race issue in the trial of the case. It is complained that one of the deputies who made the arrest, and who was a witness for the prosecution, was and is a popular and highly esteemed white man of the county, and that this witness and the other deputy, also a white man, in their testimony were allowed repeatedly to refer to the appellant as this negro or as this "nigger," or that "nigger," or that negro there. At any early stage in the taking of the testimony, and at the very first instance when the first witness used the term "this nigger," the trial judge admonished the witness to refer to appellant as the defendant, and thereafter usually the reference was made in that way, but often the witnesses, momentarily forgetful of the admonition, would relapse to the forbidden terms.

That no man shall be convicted upon an appeal to the race issue is a firm and settled proposition in this court. And it is no new proposition for the first time announced and upheld here in any recent case. It has been, in words as clear as human language could make it, pronounced and reaffirmed here for more than a generation, and will continue so to be, as we have no doubt, so long as good government shall be an abiding passion among that vast majority which constitutes the better class of our people. That vast majority expects it, moreover, they demand it; and there is and has been no occasion in the direction of the slightest surprise in the announcement of any new decision that the matter should continue to be looked upon in this court as it so long has been, and as we repeat will, without shadow of turning, always be.

But certainly not every clamor about such an issue is to throw us from our bearings and send us into reversals

upon theory, when the substance is wanting. The defendant is a colored man, and the jury upon looking at him could see it. To call him a negro made it no plainer to the jury than it was already; and, so far as the trial judge was concerned, he by his ruling, when he directed the witnesses to refer to the appellant as the defendant, made it plain enough to the jury that judicial tolerance was not given nor would be given to any distinction on account of the race of the appellant, and this we think is all that in the practical administration of justice was required; certainly it was all that was required under the record in this case.

Affirmed.